FILED
2015 Mar-25 AM 10:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| RONALD REECE GERBIGE, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Civil Action No.: 5:14-CV-00082-RDP |
| } | |
| CAROLYN W. COLVIN, } | |
| Acting Commissioner of Social Security, } | |
| } | |
| Defendant. } | |

### MEMORANDUM OF DECISION

Ronald Reece Gerbige ("Plaintiff") brings this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act (the "Act"), seeking review of the decision of the Commissioner of Social Security ("Commissioner") denying his/her claims for a period of disability, disability insurance benefits ("DIB"), and/or Supplemental Security Income ("SSI"). *See also*, 42 U.S.C. §§ 405(g) and 1383(c). Based on the court's review of the record and the briefs submitted by the parties, the court finds that the decision of the Commissioner is due to be affirmed.

**I.      Proceedings Below**

On December 14, 2010, Plaintiff protectively filed applications for disability, disability insurance benefits, and supplemental insurance benefits (R. 56), alleging that his disability began on June 6, 2010. (R. 12). Both of Plaintiff's claims were initially denied by the Social Security Administration on April 13, 2011. (54-55). On November 29, 2012, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). (R. 7-8). This request was granted, and Plaintiff received a hearing before Administrative Law Judge Gloria W. Green on August 3,

2012. (R. 24). The ALJ determined that Plaintiff was not under a disability, as defined within the Act from June 6, 2010 through the date of the decision, November 13, 2012. (R. 9-23). Following the hearing, the Appeals Council denied Plaintiff's request for review (R. 1-4), making the ALJ's decision the final decision of the Commissioner, and therefore a proper subject of this court's appellate review.

## II.     Statement of Facts

Plaintiff was fifty years old at the time of the alleged disability onset date, and fifty-three years old at the time of the ALJ's decision. (R. 18). He has completed his GED and has past work experience as a long-haul truck driver. (R. 33). Plaintiff alleges he has been a truck driver since 1980, making it, primarily, the only job he has ever performed. (*Id.*). Plaintiff also claims his inability to perform work is a result of diabetes mellitus, hyperlipidemia, hypertension, obesity, and mild degenerative disk disease of the lumbar spine. (R. 14).

According to Plaintiff, the problems with his back began on January 8, 2010, as a result of an injury he sustained while in his truck. (R. 34). Plaintiff alleges he was parked in a closed rest area and asleep in his truck when another truck driver ran into him. (R. 33-34). From January 8, 2010 (the date of the wreck), until the alleged disability onset date, Plaintiff claims he was only able to work part-time as a truck driver. (R. 37). That is, Plaintiff testified that as of June 6, 2010, he was unable to continue working as a truck driver because of his back pain. (R. 37).

Plaintiff testified that, as a result of his injury and degenerative disk disease, he cannot sit very long or walk more than ten to fifteen minutes at a time. (R. 15). He also testified that he can only lift between ten and twenty pounds, and occasionally has problems getting up from a seated position. (R. 44). As a result of his medical condition, Plaintiff claims his daily activities are

2

limited. (R. 45-46). He lives with his mother and alleges he cannot cook or clean (R. 41); however, he claims he is able to make sandwiches and drive to the store. (R. 43).

Plaintiff had an MRI in the Fall of 2010 and takes an anti-inflammatory medication and muscle relaxers for his back pain (*id.*); however, he does not receive treatment for his back or take pain medication, not even over-the-counter pain medication. (R. 16). Plaintiff's treating physician recommended physical therapy, but Plaintiff never followed through with that recommendation. (R. 258-91). When Plaintiff sought additional treatment in April 2011, he repeatedly indicated that he was not in pain. (R. 260-78).

Additionally, Plaintiff is obese. (R. 17). Plaintiff testified that he was diagnosed with diabetes in either 2001 or 2002. (R. 172-79). He takes medication for his diabetes, including Janumet, Glucophage, and Actos (R. 38, 260) and takes blood pressure medication due to hypertension. (R. 47). Plaintiff alleges that when he is not taking his medication, he can suffer from dizziness and blurred vision, but that he rarely has these problems. (R. 16, 38). His treating physicians at Northeast Alabama Health Services repeatedly instructed Plaintiff to increase his exercise, diet, and lose weight (R. 260-78); however, Plaintiff testified he was unable to exercise because of his back pain. (R. 38). His treating physicians "have never noted his weight significantly limits him or that it has impacted his musculoskeletal system or general health as to cause him to be diagnosed with impairments secondary to or in combination with obesity." (R. 17).

A Vocational Expert ("VE") testified at the hearing that Plaintiff's past work experience as a tractor trailer driver would be classified by the Department of Labor as medium work. (R. 49). The VE also testified that Plaintiff's past work experience is considered semi-skilled and

noted that it is described in the record as sedentary work. (*Id.*). The VE also indicated that Plaintiff has no transferrable skills from his past work experience. (R. 50).

**III.     ALJ Decision**

Disability under the Act is determined under a five-step test.  20 C.F.R. § 404.1520. First, the ALJ must determine whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i).  "Substantial work activity" is work activity that involves doing significant physical or mental activities.  20 C.F.R. § 404.1572(a).  "Gainful work activity" is work that is done for pay or profit.  20 C.F.R. § 404.1572(b).  If the ALJ finds that the claimant engages in substantial gainful activity, then the claimant cannot claim disability.  20 C.F.R. § 404.1520(b).   Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of medical impairments that significantly limits the claimant's ability to perform basic work activities.  20 C.F.R. § 404.1520(a)(4)(ii).  Absent such impairment, the claimant may not claim disability.  *Id.*  Third, the ALJ must determine whether the claimant's impairment meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1.  *See* 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If such criteria are met, the claimant is declared disabled.  20 C.F.R. § 404.1520(a)(4)(iii).

If the claimant does not fulfill the requirements necessary to be declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis.  The ALJ must first determine the claimant's residual functional capacity ("RFC"), which refers to the claimant's ability to work despite her impairments.  20 C.F.R. § 404.1520(e).  In the fourth step, the ALJ determines whether the claimant has the RFC to perform past relevant work.  20 C.F.R. § 404.1520(a)(4)(iv).  If the claimant is determined to be capable of performing past relevant work, then the claimant is deemed not disabled.  *Id.*  If the ALJ finds the claimant unable to

4

perform past relevant work, then the analysis proceeds to the fifth and final step. 20 C.F.R. § 404.1520(a)(4)(v). In the last part of the analysis, the ALJ must determine whether the claimant is able to perform any other work commensurate with his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). Here, the burden of proof shifts from the claimant to the ALJ to prove the existence, in significant numbers, of jobs in the national economy that the claimant can do given his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c).

In this case, the ALJ initially determined that Plaintiff met the insured status requirements of the Act. (R. 14). The ALJ initially determined that Plaintiff has not engaged in substantial gainful activity since June 6, 2010, the alleged onset date of disability. The ALJ then found that Plaintiff's impairments including diabetes mellitus, hyperlipidemia, hypertension, obesity, and mild degenerative disk disease of the lumbar spine each constituted severe impairments under the Act. At step three of the analysis, the ALJ determined that although Plaintiff does have severe impairments, he does not have "an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (*Id.*).

After assessing Plaintiff's RFC, the ALJ found that he is able to perform the full range of light work. (R. 15). In making this determination, the ALJ concluded that Plaintiff's medically determinable impairments could be reasonably expected to cause his alleged symptoms; however, the ALJ found that Plaintiff's testimony regarding the intensity, persistence, and limiting effects of his symptoms was not credible because the testimony was inconsistent with the record and with the RFC assessment. (R. 16). After determining Plaintiff's RFC, the ALJ found that Plaintiff does not have the RFC to perform the requirements of his past relevant work, but considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in

significant numbers in the national economy that Plaintiff can perform. (R. 18). Finally, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Act, from June 6, 2010, the alleged disability onset date, through the date of the decision. (R. 19).

## IV.     Plaintiff's Argument for Reversal

Plaintiff's argument for reversal rests on this question:  are the ALJ's RFC findings based on substantial evidence. (Pl.'s Br. 5). Plaintiff asserts that the ALJ's determination that Plaintiff has the RFC to perform a full range of light work is unrealistic. Plaintiff instead argues that a sedentary RFC is more appropriate considering Plaintiff's severe impairments, including hypertension, diabetes mellitus, obesity, and degenerative disk disease. (Pl.'s Br. 6). Plaintiff also seems to contend that the ALJ failed to properly articulate the weight given to different medical opinions. *See Sharfarz v. Bowen*, 825 F.2d 278, 279-80 (11th Cir. 1987). Finally, Plaintiff argues that although the ALJ noted the potential limitations posed by his back pain and obesity, the ALJ did not correctly consider Plaintiff's back pain and obesity when determining his RFC.

## V.     Standard of Review

The only issues before this court are whether the record reveals substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the correct legal standards were applied.  *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  Title 42 U.S.C. § 405(g) mandates that the Commissioner's findings are conclusive if supported by "substantial evidence."  *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the

decision is reasonable and supported by substantial evidence. *See Id*. (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 894 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the Commissioner's factual findings must be affirmed even if the evidence preponderates against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, the court also notes that review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

**VI.   Discussion**

After careful review, the court concludes that the ALJ applied the correct legal standards and her findings are supported by substantial evidence.

### A. The ALJ Correctly Considered All Plaintiff's Impairments in Determining His RFC.

Plaintiff contends that the ALJ failed to properly consider Plaintiff's back pain and obesity in determining his RFC. The court disagrees. As Plaintiff correctly notes, an ALJ must determine a claimant's RFC by considering all of his impairments. (Pl.'s Br. 8-9). Here, the ALJ correctly considered Plaintiff's testimony that he cannot sit very long or walk more than ten to fifteen minutes (R. 15); however, the ALJ also clearly pointed to material inconsistencies in the record that led her to not fully credit Plaintiff's testimony regarding his symptoms.

Additionally, to the extent Plaintiff argues that the ALJ did not properly articulate the weight given to different medical opinions, particularly with respect to the opinion of the state agency medical consultant (Pl.'s Br. 7), that argument is off the mark. Of course, an ALJ is

required to articulate with particularity the weight given to different medical opinions. *See Sharfarz*, 825 F.2d at 279. Here, the ALJ properly articulated her reasons for the weight she assigned to the opinions she considered. (R. 18). The court understands that the state agency medical consultant reviewed the evidence and came to different conclusions regarding Plaintiff's RFC; however, as the ALJ properly determined, that opinion is not entitled to substantial weight because the consultant did not examine or treat Plaintiff. (*Id.*); *See Spencer ex rel. Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir.1985) (holding that opinions of nonexamining, reviewing physicians are entitled to little weight when contrary to examining physicians and standing alone do not constitute substantial evidence).

Plaintiff also asserts that the ALJ improperly considered his obesity in determining Plaintiff's body mass index ("BMI"). (Pl.'s Br. 8-9). Plaintiff states that his height and weight would yield a BMI of 33.4 (Pl.'s Br. 8), while the ALJ calculated a BMI of 35.9. (R. 17). But Plaintiff's BMI calculation is based on his height and weight in August 2011 (R. 273), while the ALJ's is based on Plaintiff's height and weight in March 2011. (R. 246). These dates do yield different BMI calculations, but this discrepancy is irrelevant. Ultimately, the ALJ considered Plaintiff's obesity when determining his RFC and concluded that his obesity did not cause additional limitations. (R. 17). In determining Plaintiff's RFC to perform a full range of light work, the ALJ properly considered all of Plaintiff's impairments, including his lumbar disk disease and particularly his obesity. Thus, the ALJ properly considered the conclusions of the state agency medical consultant.

### B.     The ALJ's RFC Findings are Supported by Substantial Evidence.

When a claimant asserts disability and relies upon testimony of pain or other subjective symptoms, the Eleventh Circuit requires the ALJ to apply a three-part standard. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). In assessing a claimant's testimony regarding these

alleged symptoms, an ALJ must determine that there is (1) evidence of an underlying medical condition *and* either (2) objective medical evidence that confirms the severity of the symptoms *or* (3) that the objectively determined medical condition is of such severity that it could reasonably be expected to produce the disabling symptoms. *Id.* Here, the ALJ determined that Plaintiff's testimony regarding symptoms of pain and physical limitations fit under the last part of the standard because the alleged symptoms could be reasonably expected to result from lumbar disk disease, obesity, and diabetes. (R. 16).

After making this determination, the ALJ then evaluated, but discredited, Plaintiff's subjective pain testimony. She did so because the testimony was not credible to the extent that it was inconsistent with Plaintiff's RFC. If the ALJ fails to credit a claimant's subjective testimony, she must articulate adequate reasons for doing so, and those reasons must be supported by substantial evidence. *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987). Here, the ALJ clearly articulated her reasons for failing to credit Plaintiff's subjective testimony regarding his symptoms. (R. 15-17). For example, she noted inconsistencies that exist between Plaintiff's testimony and other evidence, such as his inability to sit very long or walk more than ten to fifteen minutes on the one hand, but his failure to undergo therapy as recommended by his treating physician on the other. (R. 16). Moreover, Plaintiff testified that he does not take pain medication, not even over-the-counter medication, and the medical record shows that he repeatedly reported to his physician that he was in no pain. (*Id.*). The ALJ further noted how Plaintiff's testimony of disabling symptoms is inconsistent with his daily activities. (R. 17). Plaintiff reported that he was able to cook, watch TV, drive, and shop, which is consistent with the RFC to perform a full range of light work. (*Id.*).

Regarding Plaintiff's obesity, the ALJ observed that the treating physicians never determined that his weight significantly limits him or that it has impacted "his musculoskeletal system or general health as to cause him to be diagnosed with impairments secondary to or in combination with obesity." (R. 17). As a result, the ALJ determined that Plaintiffs obesity would neither warrants a finding of additional limitations nor restricts his ability to perform routine movement and necessary physical activity within the light exertional work environment. (*Id.*). The ALJ articulated specific reasons for determining Plaintiff's RFC in light of his obesity and lumbar disk disease. And, each of the reasons articulated by the ALJ is supported by substantial evidence.

## VI.     Conclusion

The court concludes that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence and the proper legal standards were applied in reaching this determination. The Commissioner's final decision is therefore due to be affirmed. A separate order in accordance with this memorandum opinion will be entered.

**DONE** and **ORDERED** this March 25, 2015.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE